FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAR -8 A 10: 15

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL LEE BOYKINS,

    Plaintiff,

vs.

DR. PETER LIBERO
and FRANK ADAIR,

    Defendants.

CIVIL ACTION NO.: CV212-127

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Lee Boykins ("Plaintiff"), who is currently incarcerated at the Federal Satellite Low Facility in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. §1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. Defendants filed a Motion to Dismiss, to which Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendants Dr. Peter Libero and Frank Adair were deliberately indifferent to his serious medical needs. Plaintiff contends that on April 20, 2010, he received what he believed to be a spider bite that required medical attention. (Doc. No. 1, p. 3). Plaintiff alleges that Defendant Adair told him his injury was not the result of a spider bite and instructed him to place his hand in hot water to reduce the swelling. Id. Plaintiff alleges that this treatment did not improve the condition of his

hand and that on July 30, 2010, he returned to Defendant Adair, who then placed his affected finger in a splint to relieve the pain. Id. Plaintiff asserts this treatment was unsuccessful, and on October 21, 2010, Defendant Libero scheduled him to have an x-ray and blood work. Id. Plaintiff contends a week later the blood work was done and that he had an x-ray taken on a later date, which revealed a deformity in his finger. Id. Plaintiff alleges that during the interim period he scheduled at least two sick call appointments, but was told his name was not on the sick call list. Id. Plaintiff asserts that he was treated by an "outside doctor" in early 2011, who informed him that the condition of his finger was caused by improper treatment and that, due to the delay, the doctor did not perform corrective procedures. (Doc. No. 8, p. 3). Plaintiff contends that if he had received "proper treatment" the injury to his hand would not exist. Id.

Defendants contend that Plaintiff's claim should be dismissed. Defendants state that they are entitled to qualified immunity as to Plaintiff's claims; specifically, Defendants argue that Plaintiff cannot show that his constitutional rights have been violated. Defendants also argue that Plaintiff has failed to state a claim upon which relief may be granted because he has not shown that his constitutional rights have been violated.

## STANDARD OF REVIEW

To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388 (1971); Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to

2

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient". Id.

The threshold for a complaint to survive a motion to dismiss is "exceedingly low." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff alleges that Dr. Libero and Mr. Adair, by failing to provide him with "proper treatment" were deliberately indifferent to his serious medical needs. (Doc. No. 8, p. 3). Specifically, Plaintiff contends that Defendants "misdiagnosed . . . carelessly dismessed [sic] and ignored" the injury to his finger, and that Defendants acted "negligently and with prejudice", resulting in "permanent and irreparable damage and deformity." (Doc. No. 1, p. 1). Plaintiff also alleges an "outside doctor" reported

3

Defendants' treatment of his finger was deficient. (Doc. No. 8, p. 3). Defendants object to these allegations and contend that Plaintiff's assertions demonstrate a disagreement with his medical treatment, or a claim of medical negligence, not deliberate indifference to Plaintiff's medical needs.

## I. Eighth Amendment Standard

The Eighth Amendment's proscription against cruel and unusual punishment imposes on the government an affirmative obligation to provide minimally adequate medical care to inmates whom they are punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Society's "contemporary standards of decency" do not condone the unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103-104.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. Neither does a difference in opinion between the prison's medical staff and the prisoner as to diagnosis or course of treatment amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when deliberate indifference to an inmate's

serious medical need is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

A heavy burden is placed on inmates alleging an Eighth Amendment violation based on deliberate indifference to a serious medical need. To succeed on a claim of inadequate medical treatment, an inmate must set forth evidence of an objectively serious deprivation of medical care demonstrating: (1) an objectively serious medical need, and (2) deliberate indifference to that need. Bingham v. Thomas, 654 F3d 1171, 1175-76 (11th Cir. 2011).

### A. Serious Medical Need

A medical need is serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted). Generally, this means that a serious medical need is one "requiring immediate medical attention." Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010).

According to the Complaint, Plaintiff reported a spider bite on April 20, 2010, and was instructed by a lieutenant to report to medical staff. (Doc. No. 1, p. 3). Plaintiff contends he continued to suffer pain, for which he received treatment on at least five occasions. (Doc. No. 1, pp. 3-4). It need not be determined, when addressing Defendants' instant Motion, whether Plaintiff suffered an objectively serious medical

need because he has not shown that either Defendant acted with deliberate indifference, as discussed below.[1]

### B. Deliberate Indifference

In order to prevail on his claim, an inmate must not only establish the existence of a serious medical need, but must also prove the allegedly offending prison official acted with deliberate indifference. Estelle, 429 U.S. at 106. It is clear that the "Eleventh Circuit jurisprudence has been faithful to the language and intent of Estelle, giving substance to the Supreme Court's distinction between deliberate indifference and mere negligence." Loadholt v. Moore, 844 F. Supp.2d 1274, 1280 (S.D. Ga. 2012). These cases reveal only a narrow class of actions, or inactions, that have been found to constitute deliberate indifference: "care so grossly inadequate that it shocks the conscience, easier and less efficacious courses of treatment, cursory treatment of obvious medical needs, or unnecessary and unjustifiable delays in treatment." Id. (citation omitted).

To demonstrate deliberate indifference to a serious medical need, a plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (citations omitted). The Eleventh Circuit has found that "inadvertent or negligent conduct in diagnosing or treating a medical condition will not state a constitutional violation," Barfield v. Brierton, 883 F.2d 923, 938 (11th Cir. 1989), but "knowledge of the need for medical care and intentional refusal to

---

[1] The Court notes that Plaintiff and Defendants disagree over the severity of Plaintiff's medical need. (Doc. No 19, pp. 3-4; Doc. No. 17-1, p. 10).

provide that care has consistently been held to surpass negligence and constitute deliberate indifference." Carswell v. Bay County, 854 F.2d 454, 457 (11th Cir. 1988).

Whether a delay in treatment amounts to deliberate indifference depends on three factors: "(1) the seriousness of medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327. Additionally, a prisoner plaintiff attempting to demonstrate that a delay in treatment qualifies as deliberate indifference "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Thompson v. Carani, 2008 WL 4057116, *4 (S.D. Ga. Aug. 28, 2008). In order to amount to deliberate indifference, an act or omission must result in more than de minimis injuries. Boxer X v. Harris, 437 F.3d 1107 (11th Cir. 2006).

If the deliberate indifference claim is based on quality of care received, "there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cnty. Det. Center, 262 F. App'x. 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985).[2] Compliance with the Eight Amendment does not require prison provided medical care to "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (citation omitted).

It should first be noted that Plaintiff has not provided the Court with verifying medical evidence in support of his allegations that, due to Defendants' negligent care

---

[2] See also, Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation").

7

and failure to provide him with timely treatment, he has and continues to suffer injury. The Court recognizes Plaintiff's allegations contained in his Response to Defendant's instant Motion. For the first time in this proceeding, Plaintiff contends that he was "refused" care and has suffered "partial paralysis" and "loss of mobility" in his affected hand. (Doc. No. 19, pp. 3-4). However, these new allegations are clearly at odds with Plaintiff's original contentions contained in his Complaint.[3] Even construing these allegations in the light most favorable to the Plaintiff, when considered in conjunction with the other allegations contained in his Complaint, the pleadings demonstrate that Plaintiff received frequent medical attention and that Defendants Libero and Adair simply exercised professional medical judgment. At no time did Defendant Libero or Defendant Adair subjectively know about a risk of serious harm to the Plaintiff or disregard that risk.

Examining the "gross negligence" prong of the deliberate indifference analysis reveals nothing in the record that suggests after Plaintiff's initial complaint regarding the spider bite, medical treatment provided was improper or that Defendants followed a course of treatment that amounted to "more than gross negligence." Nothing contained in the pleadings suggests that Plaintiff's condition significantly worsened due to the Defendants' conduct. After the Plaintiff complained about his finger, his injury was evaluated by Defendant Adair. By Plaintiff's own account, he was then examined on multiple occasions, blood work was taken, an x-ray was given, and Plaintiff was referred to an outside physician for treatment. (Doc. No. 1, pp. 3-4). Although Plaintiff alleges he signed up for sick call and was not seen by medical staff on at least two

---

[3] Plaintiff's allegations against Defendants frequently conflict throughout the pleadings. The Court has attempted to reconcile these assertions and considers them in the light most favorable to the Plaintiff.

O 72A
Rev. 8/82)

occasions, any administrative mishap alleged is not attributable to either Defendant Libero or Defendant Adair. Plaintiff alleges his x-ray revealed a "deformity" in his affected finger, but does not indicate how either Defendant caused such deformity to exist. In fact, Plaintiff's allegations demonstrate several attempts by each Defendant to ameliorate his ongoing pain. Id. Plaintiff's contention that he has suffered permanent, debilitating disability is weakened by his admission that Dr. Douglas Hein has stated Plaintiff need only be treated on an "as needed basis." (Doc. No. 19, p. 6).

In sum, Plaintiff has provided the Court with no verifying medical evidence in support of the allegation that, as a result of Defendant's failure to provide him with timely treatment, he suffered and suffers injury. Furthermore, nothing in the pleadings indicates either Defendant Libero or Defendant Adair subjectively knew of a serious risk of harm to Plaintiff, disregarded that risk, or followed a course of action that amounted to more than "gross negligence." Although Plaintiff expresses his dissatisfaction with his course of treatment and offers an allegation that an "outside doctor" suggested the finger was treated improperly, the pleadings indicate that both Defendants simply exercised medical judgment regarding Plaintiff's ongoing medical care. Even assuming that Defendants' treatment of Plaintiff was in some way inadequate or differed from courses of treatment another caregiver would have pursued or that Plaintiff would have chosen, these allegations alone are insufficient to support a claim of deliberate indifference. "It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate." Abel v. Lappin, 661 F. Supp.2d 1361, 1373 (S.D. Ga. 2009); see also, Estelle, 429 U.S. at 107 (explaining "a medical decision not

to order an x-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice."). Imperfect medical treatment, "although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Estelle, 429 U.S. at 105.

Therefore, viewing the pleadings in the light most favorable to the Plaintiff, Plaintiff has failed to demonstrate that either Defendant Libero or Defendant Adair acted with deliberate indifference. Because Plaintiff failed to state the essential elements of his deliberate indifference claim, Defendants' qualified immunity defense need not be addressed. Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Boykins' Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 8th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE